James C. Mason (SBN 140789)
Law Offices of Eric F. Fagan
2300 Boswell Rd., Suite 211
Chula Vista, CA 91914
Jmason5@san.rr.com
Phone: 619-656-6656; Fax: 775-898-5471
Attorney for Plaintiff

FILED 2008 MAY 27 PM 2:26

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

DAWNE M. HEAVLIN, an individual, )  Civil Case No. CV 08 03456 ABC (CWx)
                                  )
        Plaintiff,                )  COMPLAINT AND DEMAND
                                  )  FOR JURY TRIAL (Unlawful
v.                                )  Debt Collection Practices)
                                  )
ERICA L. BRACHFELD, A             )
PROFESSIONAL CORPORATION          )
aka BRACHFELD & ASSOCIATES,       )
P.C., a professional corporation; )
BRETT MANNING, an individual;     )
MARCUS PETTAWAY; an individual;   )
JAMES HAWK, an individual; and    )
DOES 1 through 10 inclusive;      )
                                  )
        Defendants.               )
_____)

## COMPLAINT

### I. INTRODUCTION

1.  This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA") and the California Rosenthal Act, Civil Code §1788 *et seq.* ("Rosenthal Act") both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair

1  practices.

2

## II. JURISDICTION AND VENUE

4  2.  Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

3.  Plaintiff **DAWNE M. HEAVLIN** is a natural person residing in California.

4.  Defendant **ERICA L. BRACHFELD, A PROFESSIONAL CORPORATION aka BRACHFELD & ASSOCIATES, P.C. ("BRACHFELD")** is a California Professional Corporation doing the business in California of collecting consumer debts owed to another, with its principal place of business located at 20300 S. Vermont Ave., Suite 120, Torrance, CA 90502.

5.  Defendants BRETT MANNING, MARCUS PETTAWAY, and JAMES HAWK are natural persons and employees of BRACHFELD.

6.  Defendants are all engaged in the collection of debts from consumers using the mail and telephone and regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C.§1692a(6), and by the Rosenthal Act, California Civil Code 1788.2(c).

7.  The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or

2

COMPLAINT AND DEMAND FOR JURY TRIAL (UNLAWFUL DEBT COLLECTION PRACTICES)

otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

8. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

9. The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

10. Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code §1788.2(h).

11. The purported debt which Defendants attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

## IV. FACTUAL ALLEGATIONS

12. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses."

13. At a time unknown, BRACHFELD acquired information regarding an alleged debt (the "DEBT") on a credit card in Plaintiff's name which originated with Capital One; the card had allegedly been used to purchase goods and services.

14. On or about March 14, 2008, MANNING called Plaintiff's cell phone number; Plaintiff's adult daughter answered.

15. MANNING told Plaintiff's adult daughter that Plaintiff owed a debt.

16. MANNING told Plaintiff's adult daughter that BRACHFELD would file suit against Plaintiff within thirty days if Plaintiff did not call him back that day.

17. On or about March 14, 2008, after MANNING spoke to Plaintiff's daughter, Plaintiff returned MANNING'S call; MANNING threatened that BRACHFELD would file

suit within thirty days if Plaintiff did not settle the alleged debt.

18. On or about March 17, 2008, PETTAWAY called Plaintiff; PETTAWAY falsely told Plaintiff that BRACHFELD had filed suit against her in San Bernardino County; PETTAWAY refused to provide any information about the supposed suit.

19. PETTAWAY transferred Plaintiff to HAWK; HAWK falsely told Plaintiff that BRACHFELD had filed suit against her.

20. HAWK pressured Plaintiff to settle the matter "out of court" or words to that effect.

21. HAWK stated that Plaintiff's balance was $1,140.88, including principal and interest; HAWK also stated that attorney's fees and court costs would be added to the balance.

22. Plaintiff offered to provide HAWK with her new address, so that BRACHFELD could serve her with the supposed lawsuit; HAWK refused to take Plaintiff's address.

23. On or about March 18, 2008, HAWK called Plaintiff and left a voicemail in which he pressured her to resolve the matter, or he would "do what he had to do," or words to that effect; Plaintiff returned HAWK'S call, but when Plaintiff asked to see the complaint, HAWK hung up.

24. To date, neither BRACHFELD nor Capital One have filed a lawsuit against Plaintiff.

25. Neither MANNING, PETTAWAY, nor HAWK ever stated that they were attempting to collect a debt and any information obtained would be used for that purpose.

26. BRACHFELD never provided Plaintiff with notice of her rights under the FDCPA, 15 U.S.C. § 1692g, or the Rosenthal Act, California Civil Code §1812.700.

27. Defendants' engaged in the above conduct with the express purpose of coercing Plaintiff to pay the Debt.

28. As a result of the conduct alleged above, Plaintiff suffered nausea, severe anxiety, headaches, nervousness, worry, unhappiness, trouble sleeping, inability to concentrate at work, irritability, and severe stress.

## V. FIRST CLAIM FOR RELIEF

### (Against all Defendants for Violation of the FDCPA)

29. Plaintiff repeats and realleges and incorporates by reference all of the foregoing paragraphs.

30. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following actions taken against the Plaintiff:

(a) The Defendants violated 15 U.S.C. § 1692b(1) by contacting a person other than the Plaintiff and failing to state that they were confirming or correcting location information concerning the Plaintiff;

(b) The Defendants violated 15 U.S.C. § 1692b(2) by communicating with persons other than the Plaintiff and stating that the Plaintiff owes debt;

(c) The Defendants violated 15 U.S.C. § 1692c(b) by communicating with a third person in connection with the collection of a debt;

(d) The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the alleged debt;

(e) The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

(f) The Defendants violated 15 U.S.C. § 1692e(2)(A) by giving the false impression of the character, amount or legal status of the alleged debt;

(g) The Defendants violated 15 U.S.C. § 1692e(5) by threatening to take action that could not legally be taken or that was not intended to be taken;

(h) The Defendants violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer;

(i) The Defendants violated 15 U.S.C. § 1692e(11) by failing to indicate that all communications were from a debt collector;

  (j) The Defendants violated 15 U.S.C. § 1692e(11) by failing to include in the first communication the following warning: "This is an attempt to collect a debt and any information obtained will be used for that purpose;"

  (k) The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt;

  (l) The Defendants violated 15 U.S.C. § 1692g(a) by failing to send the Plaintiff a validation notice within five days of the initial communication;

31. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## VI. SECOND CLAIM FOR RELIEF

### (Against all Defendants for Violation of the Rosenthal Act)

32. Plaintiff repeats, realleges and incorporates by reference all of foregoing paragraphs.

33. Defendants violated the Rosenthal Act, by including but not limited to, the following:

  (a) The Defendants violated California Civil Code §1788.12(b) by communicating information regarding a consumer debt to a member of the Plaintiff's family;

  (b) The Defendants violated California Civil Code §1788.13(e) by falsely representing that the Plaintiff's debt may be increased by the addition of attorney's fees, investigation fees, service fees, finance charges, or other charges;

  (c) The Defendants violated California Civil Code §1788.13(j) by falsely representing that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made;

  (d) The Defendants violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above;

6

   (e) The Defendants violated California Civil Code §1812.700 by failing to include the notice required by that section.

34. As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

35. Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants and each of them for the following:

 A. Actual damages;
 B. Statutory damages pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(a).
 C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(b) and §1788.30(c)
 D. For such other and further relief as the Court may deem just and proper.

Date: 5/21/2008

_____
James C. Mason,
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Date: 5/21/2008

_____
James C. Mason,
Attorney for Plaintiff