1  Jeremy S. Golden (SBN 228007)
2  LAW OFFICES OF ERIC F. FAGAN
   2300 Boswell Rd. Suite 211
3  Chula Vista, CA 91914
   Tele: 619-656-6656
4  775-898-5471 (facsimile)
5  Jeremy@efaganlaw.com

6
   Elizabeth J. Arleo (SBN 201730)
7  ARLEO LAW FIRM, PLC
8  1672 Main Street, Suite E, PMB 133
   Ramona, CA 92065
9  Tele: 760-789-8000
10 760-789-8081 (facsimile)
   Elizabeth@arleolaw.com
11

12 Attorneys for Plaintiff

13

14 **UNITED STATES DISTRICT COURT**
   **For the CENTRAL DISTRICT OF CALIFORNIA**
15

16 DAWNE M. HEAVLIN,                    )    Case No.:  CV 08-3456 ABC (CWX)
17                                      )
              Plaintiff,               )    **JOINT RULE 26(f) REPORT &**
18 v.                                   )    **PROPOSED DISCOVERY PLAN**
19                                      )
   ERICA L. BRACHFELD, et al.          )
20                                      )    Pretrial/Scheduling Conference:
21            Defendants.               )    December 1, 2008
                                        )
22                                      )
                                        )    Time:  10:00 a.m.
23                                      )
                                        )
24                                      )
                                        )
25 _____ )

26

27

28

1

The parties in the above action jointly submit this Rule 26(f) report and Proposed Discovery Plan:

## A.   STATEMENT OF CLAIMS, COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

Plaintiff's Statement:

On May 27, 2008, Dawn M. Heavlin ("Plaintiff") filed this complaint against defendants Erica L. Brachfeld, A Professional Corporation ("Brachfeld") and individual defendants Brett Manning, Marcus Pettaway and James Hawk (collectively "Defendants"). Plaintiff alleges claims under the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* (the "FDCPA") and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§1788 *et seq.*(the "CA FDCPA").  Section 1788.17 of the CA FDCPA provides that "every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."  Thus, most violations of the FDCPA are violations of the CA FDCPA.

The FDPCA states that its purpose, in part, is "to eliminate abusive debt collection practices by debt collectors."  15 U.S.C. §1692(e).  It is designed to protect consumers who have been victimized by unscrupulous collectors, regardless of whether a valid debt exists. *Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982); *Masuda v. Thomas Richards & Co.*, 759 F. Supp. 1456, 1462 (C.D. Cal. 1991).  The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and false, deceptive, or misleading statements, in connection with the collection of any debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §1692d, 1692e, 1692f and 1692g.  In enacting the FDCPA, Congress recognized that the:

> [U]niversal agreement among scholars, law enforcement officials, and even debt collectors that the number of persons who willfully refuse to pay just debts is minuscule [sic] … [T]he vast majority of consumers who obtain credit fully intend to repay their debts.  When default occurs, it is nearly

2

always due to an unforeseen event such as unemployment, overextension, serious illness, or marital difficulties or divorce.

S. Rep. No. 382, 95th Cong., 1st Sess. 3 (1977), reprinted in 1977 USCCAN 1695, 1697.

*The FDCPA is a strict liability statute.*   Proof of a single violation of the FDCPA is sufficient to support judgment for the plaintiff.  *Kuhn v Account Control Tech., Inc.*, 865 F. Supp. 1443, 1450 (D. Nev. 1994); *Woolfolk v. Van Ru Credit Corp.*, 783 F. Supp. 724, 725 (D. Conn. 1990); *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60 (2d Cir. 1993).   It is designed to protect consumers who have been victimized by unscrupulous collectors, regardless of whether a valid debt exists.  *Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982); *Masuda v. Thomas Richards & Co.*, 759 F. Supp. 1456, 1462 (C.D. Cal. 1991).   The Ninth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated debtor."  *Swanson v. Southern Or.  Credit Serv.*, 869 F.2d 1222, 1225 (9th Cir. 1988); *Baker*, 677 F.2d at 778; *Masuda*, 759 F.Supp. at 1460.

Under the FDCPA, statutory damages are recoverable for violations, whether or not the consumer proves actual damages.  15 U.S.C. §1692k; *Baker*, 677 F.2d at 780-81; *Irwin v. Mascott*, 112 F. Supp. 2d 937, 963 (N.D. Cal. 2000).  Any violation of the FDCPA entitles plaintiff to an award of statutory damages not exceeding $1,000 for the plaintiff.  15 U.S.C. §1692k(a)(2)(A); *Irwin*, 112 F. Supp. 2d at 963.  Damages are determined based on relevant factors including "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which the debt collector's noncompliance was intentional."  15 U.S.C. §1692k(b)(1).

Plaintiff alleges that Defendants violated numerous provisions of the federal FDCPA and the CA FDCPA in its attempts to collect a consumer debt from Plaintiff.  Plaintiff claims that she is entitled to statutory damages, actual damages, and attorney's fees and costs under the FDCPA and CA FDCPA.  15 U.S.C. §1692k(a)-(c); Cal. Civil Code §1788.30(a)-(c).[1]

---

[1]    California district courts have awarded individuals damages under *both* the FDCPA and CA FDCPA. *See Panahiasl v. Gurney*, 2007 WL 738642, *3, 2007 U.S. Dist. LEXIS 17269, *19-20 n.4 (N.D. Cal., Mar. 8, 2007); *Mejia v. Marauder Corp.*, No. C06-00520 HRL, 2007 U.S. Dist. LEXIS 21313, *31; 2007 WL

1   Defendant Erica L. Brachfeld is a California corporation in the business of collecting
2   consumer debts.   ¶4.[2]   The individual defendants, Brett Manning, Marcus Pettaway and
3   James Hawk, are employees of defendant Brachfeld.   ¶5.   Beginning in March 2008,
4   defendant Manning called Plaintiff and threatened to file suit if Plaintiff did not call him back
5   that day.   ¶¶14-17.   A few days later, defendant Pettaway called Plaintiff saying that
6   Brachfeld had filed a lawsuit against Plaintiff.   ¶18.   Pettway transferred Plaintiff to
7   defendant Hawk who also falsely told Plaintiff that Brachfeld had filed a lawsuit.   ¶19.
8   Hawk made other false statements about the alleged debt and lawsuit to pressure Plaintiff
9   into paying $1,140.   ¶¶20-23.

10   Defendants violated the FDCPA and CA FDCPA when they made false, deceptive and
11   misleading statements to Plaintiff about the purported lawsuit; *no* lawsuit has ever been filed
12   against Plaintiff for the alleged debt.   ¶24.   Defendants also violated the FDCPA and CA
13   FDCPA when they failed to inform Plaintiff of her rights under the FDCPA and CA FDCPA
14   or that they were attempting to collect a debt.   ¶¶25-26.

15   Defendants' Statement:
16   Defendants deny Plaintiff's allegations and contend they did not violate any laws
17   during their attempts to collect a debt from Plaintiff.

18   **B.   A BRIEF DESCRIPTION OF THE KEY LEGAL ISSUES**

19   Whether Defendants violated 15 U.S.C. § 1692, et seq. (Fair Debt Collection Practices
20   Act) during their attempts to collect a debt from Plaintiff.

21   Whether Defendants violated CA Civil Code § 1788, et seq. (The Rosenthal Act)
22   during their attempts to collect a debt from Plaintiff.

23   ////
24   ////
25   ////
26
27   806486, *10 (N.D. Cal., Mar. 15, 2007); *Costa v. National Action Financial Services*, 2007 WL 4526510,
28   *7; 2007 U.S. Dist. LEXIS 93230, *20 (E.D. Cal., Dec. 19, 2007).
[2]      Unless otherwise indicated, "¶__" and "¶¶___" references herein refer to Plaintiff's Complaint and
Demand for Jury Trial.  [Docket #1].                   4

**C.    LIKELIHOOD OF MOTIONS SEEKING TO ADD OTHER
PARTIES OR CLAIMS, FILE AMENDED PLEADINGS,
OR TRANSFER VENUE**

Plaintiff's Complaint and Defendant's Answers have been filed with this Court.  At this time, neither party anticipates adding other parties or claims, amending their pleadings at this time, or transferring venue.

**D.    DISCOVERY AND EXPERTS PURSUANT TO RULE 26(f)**

Plaintiffs' discovery will be directed toward the communications between Plaintiff and Defendant, including all telephone and mail communications.  Plaintiff's discovery will also be directed towards the evidence in Defendant's possession of the alleged debt and Defendants' false threats and misrepresentations that a lawsuit had been filed against Plaintiff when that was not true.  Plaintiff will also seek information on the frequency and persistence of Defendants' noncompliance such as the number of times Defendants have threatened and/or falsely stated that a lawsuit has been filed against California consumers.

Defendants' discovery will be directed toward the communications between Plaintiff, Defendant, and third parties, including all telephone and mail communications.  Defendants' discovery will also be directed toward Plaintiff's alleged damages.

The parties agree that discovery will proceed according to the Federal Rules of Civil Procedure.  Requests and responses to interrogatories shall be governed by Fed. R. Civ. P. 33.  Requests for admission and responses shall be governed by Fed. R. Civ. P. 36.  Each deposition will be limited to maximum of 7 hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due from each party by June 29, 2009.  No more than two experts per party are permitted to testify at the trial of this matter.  Supplementation under Rule 26(e) due by July 6, 2009.

**E. ISSUES WHICH MAY BE RESOLVED BY MOTIONS
FOR SUMMARY JUDGMENT**

The parties anticipate filing their respective motions for summary judgment on liability.

**F.   SETTLEMENT DISCUSSIONS TO DATE, AND THE SETTLEMENT SELECTION PURSUANT TO LOCAL RULE 16**

In early August 2008, prior to defense counsel's appearance and the filing of Defendants' answers, Plaintiff and Defendant Erica L. Brachfeld's office met multiple times in an attempt to reach a settlement. No settlement was reached. Counsel for Plaintiff and counsel for Defendants have since engaged in further settlement negotiations. The parties anticipate more meaningful negotiations will take place once discovery is conducted.

Pursuant to Local Rule 16-15.4, the parties choose Settlement Procedure No. 2, whereby the parties shall appear before an attorney selected from the Attorney Settlement Officer Panel or before an attorney appointed by the trial judge for settlement proceedings.

**G.   TIME ESTIMATE FOR TRIAL AND WHETHER IT WILL BE BY JURY OR COURT**

Plaintiff has demanded trial by jury in this action. The trial is expected to last not more than three days.

**H.   PROPOSED DATES**

|   |   |   |
|---|---|---|
| a. | Motion and Claims cut-off: | May 18, 2009 |
| b. | Discovery cut-off: | June 29, 2009 |
| c. | Dispositive Motion cut-off: | July 31, 2009 |
| d. | Final Pre-Trial Conference: | August 31, 2009 10:00 a.m. |
| e. | Jury or Court Trial: | September 15, 2009 |

**I. OTHER MATTERS AFFECTING THE STATUS OF THE CASE**

All counsel requests to attend the Scheduling Conference by telephone. If the request is approved, defense counsel will coordinate a conference call for the convenience of the Court.

Defendants have no objections to Plaintiff's counsel appearing telephonically at the December 1, 2008 conference.

///
///
///

6

Plaintiff will consent to proceed before the Magistrate Court. Defendant has declined to proceed before the Magistrate Court.

November 24, 2008          ___/s/ Elizabeth J. Arleo_____
                          Elizabeth J. Arleo, Attorney for Plaintiff


                          ___/s/ Larissa G. Nefulda_____
November 24, 2008          Larissa Nefulda, Attorney for Defendants ERICA L.
                          BRACHFELD, APC aka BRACHFELD &
                          ASSOCIATES, P.C., JAMES HAWK, and MARCUS
                          PETTAWAY



## CASE MANAGEMENT ORDER

The Rule 26(f) Report and Proposed Discovery Plan is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.


Dated:                    _____
                          Hon. Audrey B. Collins
                          United States District Judge

7